## SUPREME COURT.

SARAH E. COBB, for herself and as guardian for others agt. GEORGE W. DUNKIN.

A complaint which alleges specific breaches of specific covenants and conditions in a written agreement or lease, and claims a certain sum as damages on account thereof, the summons is properly issued with a notice under the first subdivision of section 129 of the Code. And if the complaint is properly verified, the plaintiff, where no answer has been served, is regular in taking judgment for the amount specified in the summons, and demanded in the complaint, without an *assessment of damages*. (*This agrees with Cook* agt. *Pomeroy*, 10 *How*. 103, *and seems to be adverse to Johnson* agt. *Paul*, 14 *How*. 454.)

*Monroe Special Term, September*, 1858.

MOTION by defendant to set aside judgment entered upon defendant's failure to answer the complaint, and that the defendant have leave to answer, &c.

An action was commenced in April, 1858, by the plaintiff against the defendant, by the personal service of a summons and complaint, notice in the summons being in pursuance of subdivision 1 of section 129 of the Code. The complaint set forth a lease by the plaintiff to the defendant, dated March 30th, 1857, of a certain farm in the town of Phelps in the county of Ontario, for the term of one year from the first of April ensuing its date. By the lease, the defendant among other things, agreed to work and till the farm in a good and workmanlike manner in all things, and to deliver the plaintiff one-half of the crops, for the use of the farm. The lease contained a variety of other provisions and covenants of the parties respectively. The complaint also stated that the defendant took possession of the farm under the lease and continued in possession during said term, and undertook the performance of the covenants on his part contained therein.

The breaches assigned were that the defendant did not work or till the farm in a good workmanlike manner, but on the

Cobb agt. Dunkin.

contrary greatly neglected the business of cultivating the same, and worked and cultivated the same in a careless and slovenly and unskilful and unworkmanlike manner.    It then proceeded to specify the breaches of the covenants in detail as contained in the lease, which the defendant therein covenanted to observe and fulfil.    The complaint then alleged that by reason of the breaches of said covenants by the defendant, she had sustained damages to $175, and demanded judgment for that sum, besides costs.

The complaint was duly verified after the said action was commenced, and before any answer was put in by the defendant, the parties by an agreement between them, bearing date May 10th, 1858, agreed to submit the matters in controversy in the action, to the decision of disinterested men, one to be chosen by the plaintiff, and one by the defendant, and they two when chosen to select a third.    The arbitrators so to be chosen to make their award by the fifteenth day of July, 1858. No arbitrators having been chosen in pursuance of this agreement, the plaintiff discontinued the action, and after the 15th day of July following, commenced this action, the summons in which was personally served on the defendant on the 21st of said month of July.    The summons and complaint in both actions are alike.

The defendant not having answered the complaint in this action, nor appeared therein, the plaintiff perfected judgment therein on the 16th day of August, 1858, for the sum of $175, the amount demanded in the complaint, and being also the amount for which the summons stated the plaintiff would take judgment in case of the defendant's failure to answer, together with costs of the action.    There was no assessment of damages by the clerk or by a jury.    The defendant swears to merits. The motion was submitted without argument.

SMITH & LAPHAM, *for defendant.*
STEBBINS & RAWSON, *for plaintiff.*

WELLES, Justice.    The moving papers seem to have been

Cobb agt. Dunkin.

prepared and the motion made upon the supposition that the action in which the plaintiff entered judgment, was the one commenced in April, and one of the points of the defendant's counsel, is to the effect that the agreement to arbitrate operated to discontinue this action. But the opposing affidavits clearly show that the action commenced in April was discontinued, after the time fixed by the agreement to arbitrate, for the arbitrators to make their award had expired, and that the present action was commenced afterwards.

The only question that remains to be considered is whether this is an action in which the plaintiff could regularly take judgment without having his damages assessed by the clerk or a sheriff's jury ? I entertain no doubt but that the plaintiff was regular in taking judgment for the amount mentioned in the summons and demanded in the complaint, nor that the summons was in the proper form. 1. It is an action arising on contract. 2. It is also an action for the recovery of money only. 3. The complaint was duly verified. 4. The defendant had failed to answer the complaint within the time allowed by the Code. The case is thus brought within the 1st subdivision of § 246, where the clerk is required to enter judgment against the defendant for the amount mentioned in the summons. In *Cook* agt. *Pomeroy*, (10 *How. Pr. R.* 103,) I had occasion to examine this section of the Code with some care, and I still · adhere to the views expressed in that case. I am aware that my brother T. R. STRONG, in *Johnson* agt. *Paul*, (14 *How. Pr. R.* 454,) has held a different view in some respects. But with the highest respect for his legal accuracy, I find myself unable to concur with him in the distinction which he draws between actions on contract for the breach of a stipulation to do a specific act and those for the non-payment of money agreed to be paid, as applied to the section of the Code in question. In his opinion he takes no notice of the case of *Cook* agt. *Pomeroy*. Probably his attention was not directed to it.

The motion to set aside the judgment is therefore denied, with $10 costs of opposing. The defendant to have leave to answer the complaint and defend the action, on payment of all

the plaintiff's costs since serving the summons, together with said costs of opposing this motion. The judgment, execution and levy to stand. as security, &c.